JOSEPH HOLLIER, Administrator, *v.* WIDOW SIMON GONOR.

The natural tutrix cannot be compelled to pay the price of property purchased at the sale of the succession of her husband, unless it is shown that the succession is insolvent, or that the amount due by her is necessary to pay the debts of the estate.

APPEAL from the District Court of the Parish of St. Landry, *Martel*, J. *B. F. Linton*, for plaintiff and appellant. *Lewis & Porter*, for defendant.

COLE, J. This suit is instituted to recover of defendant the price of property purchased by her at the succession sale of *Julien C. Gonor*.

The payment is resisted on the ground, that she is the natural tutrix of her minor children, who are legal heirs of the deceased *Julien C. Gonor*, and, as such, she has the legal right to receive and receipt for their portion of inheritance in said estate; and if she has purchased beyond the amount due to her minor children, that the surplus cannot be demanded of her until their portions have been definitely fixed by a partition. C. C. 1265. And, besides, that the succession sale at which she bought said property was not made for the purpose of paying debts.

There was judgment for defendant, and plaintiff has appealed.

It is contended that the defendant cannot decline paying, because the estate of *Julien C. Gonor* is insolvent; and he refers us to a statement of facts in the suit of *Harris* against the present defendant.

This suit is not offered in evidence; and there is no admission of parties that it shall be consulted by the court in the decision of the present suit.

An examination of the tableau of the plaintiff, in the succession of *Julien C. Gonor*, has not satisfied us that the estate is insolvent, or that the amount due by the defendant is necessary for the payment of the debts of the estate.

HOILIER
v.
GONOR.

The privileged and mortgaged claims are $319 10 ; ordinary claims acknowledged are $293 29 ; claims requiring further proof, $275 03 ; a claim in a suit now pending, $450 00.

The total of the claims against the estate are $1437 42, of which only $612 39 are acknowledged claims, whilst the amount of the sale of the property of the succession is $1267.

The District Judge was, therefore, correct in sustaining the defence against the immediate payment of the price of the property bought by defendant at the probate sale.

He erred, however, in giving a final judgment, it ought to have been one of nonsuit.

It is, therefore, ordered, adjudged and decreed, that the judgment be so amended, that instead of a final judgment there shall be judgment as in case of nonsuit in favor of defendant against the plaintiff, and that any part of the judgment of the lower court adverse to this be avoided and reversed, and the judgment so amended be affirmed, and that defendant pay the costs of appeal.