## No. 14,311.

IN THE MATTER OF THE SUCCESSION OF THOMAS BELLOW.

### SYLLABUS.

A mortgage creditor purchasing at a succession sale the property on which his mortgage bears is entitled to retain in his hands the amount of his bid up to the amount of his mortgage, but must give bond conditioned that he will pay to the representative of the succession the amount thus retained, in case he is ordered to do so in the course of the settlement of the succession.

APPEAL from the Twenty-eighth Judicial District, Parish of St. John the Baptist—*Gaudet, J.*

---

*Alfred E. Billings* and *L. H. Marrero, Jr.,* for Appellees.

---

*H. N. Gautier,* for Appellants.

The opinion of the court was delivered by

PROVOSTY, J. The administrator of the Succession of Thomas Bellow, setting forth a list of the creditors of the succession, and alleging that the succession was insolvent and that it was necessary to sell all its property to pay debts, obtained an order accordingly. The real estate, appraised in the inventory at $1000, was adjudicated for $1600, to Eugene Roussel, a creditor put down on the list of debts as holder of the note of the deceased for a like amount of $1600, secured by first mortgage on the property sold. The adjudicatee tendered said mortgage note in payment of his bid, and upon the refusal of the sheriff to accept the same, took a rule on him and on the administrator to show cause why said tender should not be accepted and title made. In the rule the above facts are alleged, namely: the existence of the mortgage, the recognition thereof by the administrator, the adjudication to the plaintiff in rule, the tender and the refusal. The defendants in rule made answer admitting the allegations of the rule, and submitting the matter to the judgment of the court. The court rendered judgment making the rule absolute; and from that judgment the present appeal is taken. The appellants are some of the unsecured creditors of the succession. In their petition for appeal, they allege as follows: that the succession is insolvent; that the note in question and the mortgage purporting to secure its payment are simulations, and that said note does not belong to the adjudicatee, Roussel. They support these allegations by affidavit.

The judgment appealed from, as founded on the allegations of the rule and the answer thereto, is correct; except that it should have required the adjudicatee to furnish bond for the payment of the money in case he should be called upon to pay it in the course of the settlement of the succession. Tertrou vs. Durand, 30 Ann. 1108.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended, as follows: that before the sheriff delivers the deed and possession of said land to Eugene Roussel, and as condition precedent thereto, the said Roussel shall execute, with good and sufficient security, in favor of the administrator of the estate of Thomas Bellow, his bond in the sum of sixteen hundred dollars, conditioned that he will pay and satisfy such sums as may be fixed and ascertained on settlement of said estate to be payable by preference to him out of the proceeds of the land so purchased by him up to the amount of his bid,

said bond to be approved by the judge of the District Court of the Parish of St. John the Baptist. It is further ordered that as thus amended said judgment be affirmed. The cost of appeal to be paid by appellee, Eugene Roussel, and the costs of the rule in the lower court to be borne· by the succession.