(66 South. 315)

No. 20055.

In re RECEIVERSHIP OF FARMERS' UNION WAREHOUSE CO.

(Oct. 19, 1914.)

*(Syllabus by the Court.)*

1. RECEIVERS (§ 198*)—COMPENSATION—CORPORATIONS.

The compensation of a receiver who has been authorized to conduct the business of the corporation as a going concern must be fixed by the court at such reasonable sum as the nature of the case justifies. The compensation of a receiver who has not been authorized to conduct the business of the corporation as a going concern is fixed by section 1818, Rev. St., the same as the compensation of a syndic of an insolvent estate.

[Ed. Note.—For other cases, see Receivers. Cent. Dig. §§ 392–396; Dec. Dig. § 198.*]

2. RECEIVERS (§ 145*)—LIABILITY FOR FEES—PROCEEDS OF SALE OF MORTGAGED PROPERTY.

When a mortgage creditor of a corporation permits a receiver to administer and sell the mortgaged property under the orders of court in a receivership proceeding, the proceeds of the sale must bear their proportionate share of the fees of the receiver and his attorney.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 145.*]

Appeal from Twelfth Judicial District Court, Parish of Sabine; James G. Palmer, Judge.

Receivership of the Farmers' Union Warehouse Company. From the judgment on the receiver's final account, he appeals. Amended and affirmed.

John H. Boone, of Many, for appellant. W. P. Good and R. A. Fraser, both of Many, for appellees.

O'NIELL, J. After hearing the petitions of opposition of various creditors of the Farmers' Union Warehouse Company, the receiver's final account was ordered amended in the following particulars:

First. The compensation allowed the receiver for his services was reduced from $460 to $233.33⅓.

Second. The fee allowed the attorney for the receiver was reduced from $300 to $112.03.

Third. The privilege recognized in the receiver's account in favor of I. N. McCollister for services rendered to the corporation was denied, and his claim of $704.71 was adjudged an unsecured debt of the corporation.

Fourth. It was decreed that the proceeds of the sale of the real estate to the mortgage creditor, the Sabine State Bank, should bear its proportionate share of the fees allowed the receiver and his attorney.

Fifth. The receiver was charged with an item of $138.07 which he acknowledged having received after filing his last quarterly account and having forgotten to place upon his final account. His demand to reserve this sum for future costs of the receivership, however, was denied.

The demands of some of the opponents that the receiver be held liable in damages for maladministration were denied.

The receiver has appealed, and the opponents have answered his appeal praying that the judgment be amended so as to conform with the prayer of their petitions of opposition and especially with reference to their claim for damages. In their printed briefs the opponents submit that the judgment appealed from is correct and should be affirmed.

The only complaints urged by the appellant are that his fee and that of his attorney should not have been reduced, and that the claim of I. N. McCollister should be paid by preference out of the proceeds of the sale of the movable property.

[1] The receiver was authorized, upon his petition, to continue the business of the corporation as a going concern. His administration was unsuccessful and unprofitable to the creditors, as is shown by the difference between the appraisement of the property and the amount of the proceeds remaining for distribution. The business was carried on by the receiver 4 months and 20 days, for which he was allowed compensation at the rate of $50 a month; i. e., the salary for which he had conducted the business prior to the receivership. In fixing the compensation of the receiver, the district judge exercised the discretion vested in him under the authority of section 6 of the Act No. 159 of 1898, which provides:

"Such receiver shall receive the same compensation as syndics of insolvents, whenever the power is not conferred upon him to conduct the business of the corporation as a going concern, otherwise his compensation shall be fixed at such reasonable sum as the nature of the case justifies."

The expression in the case of Barry et al. v. American White Lead & Color Works, 107 La. 236, 31 South. 733, to the effect that the receiver of a going concern is entitled to the same compensation as a syndic of an insolvent estate under section 1818, R. S., and that the compensation of a receiver who was not authorized to conduct the business of the corporation as a going concern is to be fixed at such reasonable sum as the nature of the case justifies, is a palpable error. This statement made in the syllabus and in the body of the opinion is contrary to the statute quoted. Therefore, in so far as that decision expresses a rule for fixing the compensation of receivers, it is now overruled.

Observing that the proceedings had not required any extraordinary services on the part of the attorney for the receiver, the district judge fixed his fee at 5 per cent. of the total proceeds of the sales of the property handled by the receiver. We find no error in this, but there is error in the statement that the total proceeds handled by the receiver amounted to only $2,240.75. The amount was $3,469.25; hence the attorney's fee, at 5 per cent., amounts to $173.46.

As to the claim of I. N. McCollister, which was listed by the receiver as a debt due for labor performed in the store, the evidence shows (and the district judge found) that the greater portion of this claim is for money loaned to the corporation and that only a small portion (not definitely determinable from the evidence) is for salary as manager of the corporation. This claim is therefore not secured by any lien or privilege, and was properly relegated to the list of unsecured debts of the corporation.

[2] As the mortgage creditor did not see fit to foreclose the mortgage, but preferred to let the receiver administer and sell the mortgaged property under the orders of court, the proceeds of the sale should bear their proportionate share of the fees allowed the receiver and his attorney.

For the reasons assigned, the judgment appealed from is amended by increasing the fee of the attorney for the receiver from $112.03 to $173.46, and, as thus amended, it is affirmed, at the cost of the appellees.