(85 South. 241)

No. 22426.

## WHITE v. WHITE (CREDITORS' COMMITTEE, Intervener).

(June 10, 1920. Rehearing Denied June 30, 1920.)

*(Syllabus by Editorial Staff.)*

Assignments for benefit of creditors ⬤⟲310(1) —Subrogation ⬤⟲12—Ordinary creditors held not entitled to proceeds of property as against general mortgagee.

Where debtor entered into agreement with creditors, including his wife, who had a general mortgage against all of his land, by which he surrendered all his property to a committee appointed by the creditors, and the holder of a special mortgage which primed the mortgage of the wife threatened foreclosure, and the committee paid the mortgage, interest, taxes, etc., out of funds derived from the reduction to cash of some of the assets of the debtor, and the specially mortgaged property was then sold at a price exceeding the amount of the special mortgage, the ordinary creditors are not, on the theory of subrogation or otherwise, entitled to any more than they would have had if payment to the special mortgage creditor had not been made, but are entitled to have the funds used in making the payments restored.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Mrs. Ellen Tobin White against Albert Sidney White, her husband, in which the Creditors' Committee intervened. From a decree relating to priority of rights in property of defendant husband, plaintiff appeals. Decree set aside, and case remanded, with instructions.

McCloskey & Benedict and Henry B. Curtis, all of New Orleans, for appellant.

Hall, Monroe & Lemann and Merrick & Schwarz, all of New Orleans, for intervener.

PROVOSTY, J. The defendant, A. S. White, being in embarrassed circumstances, entered into an agreement with his creditors, including his wife, by which he surrendered all his property to a committee appointed by the creditors, and the creditors agreed among themselves and with him as follows:

"The committee of creditors shall proceed with all convenient speed to reduce the assets to cash and to distribute the cash among the respective creditors, in accordance with their legal rights, which shall be preserved and shall follow the property into the hands of the committee with like force and effect as if no sale or transfer had been made."

One of the pieces of real estate was burdened with a special mortgage, and the wife had for the security of the payment of her claim, a legal mortgage upon all the real estate of her husband. This mortgage of the wife was primed by the special mortgage.

The holder of the special mortgage threatening foreclosure, the committee of creditors paid the debt, in capital and interest, and also paid the taxes due on the property, with funds which they had derived from the reduction to cash of some of the assets of the debtor. The mortgaged property was then sold at a price exceeding the amount of the special mortgage; and the present litigation is over this excess. The wife claims that she is entitled to it by virtue of her mortgage on the property next in rank to the special mortgage.

The ordinary creditors, on the other hand, contend that the committee of creditors, in paying off the special mortgage, was acting as their agent and representative, and that therefore, by operation of law, they became subrogated to the rights of the special mortgage creditor priming the legal mortgage of Mrs. White.

The committee was the agent of all the creditors. By nothing it could do could it change their relative rights. It would have been without right to use for liberating the mortgaged property funds attributable to the ordinary debts, except on the condition of no prejudice resulting thereby to the ordinary creditors; that is to say, unless there was a certainty of the mortgaged property being sufficient in value to restore the funds for the ordinary creditors, and of no delay being

caused in the payment to them. The ordinary creditors are therefore entitled to have all they would have had if this payment to the special mortgage creditors had not been made. But they are entitled to no more. Hence, whatever may be left of the price of the sale of the mortgaged property after this restoration shall have been made must go to Mrs. White in virtue of her mortgage.

The judgment appealed from decrees that the ordinary creditors have succeeded by subrogation to all the rights of the special mortgage creditor, and that they are entitled to that extent to priority over Mrs. White. This may be but another way of expressing the legal situation; but, as subrogation can play no part in the matter, no more than in the settlement of an insolvent succession, or other insolvent estate, and as that theory might perhaps work out a different result in its application to the facts of the case, we prefer to set the judgment aside, and enter a new decree.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that this case be remanded for judgment to be entered in accordance with the views expressed in the present opinion; defendants to pay the costs of this appeal.

MONROE, C. J., takes no part.