No. 9690.
Orleans Appeal.

A. C. ITTMAN, ET AL., v. KRACKE & FLANDERS CO. B. A. Flanders Appellant.

(March 16, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1. Louisiana Digest—Insolvency—Par. 115 149.
A mortgage creditor purchasing property at an insolvent sale may retain the price in his hands, conditioned upon the payment of claims superior to his own.

2. Louisiana Digest—Insolvency—Par. 10
Where the liquidator of an insolvent pays taxes on immovables from funds derived from other assets of the insolvency, the ordinary creditors will be entitled to have the amount of those taxes reimbursed to them from the sale of the immovables.

Appeal from Civil District Court, Hon. Mark M. Boatner, Judge.

The trial judge decided that defendant should pay the taxes of 1923, and from that judgment defendant has appealed.

Judgment affirmed.

Jas. Wilkinson, B. A. Flanders in P. P., Merrick & Schwarz, attorneys for plaintiff and appellee.

Monroe & Lemann, Walter Suthon, Chas. Rosen, A. J. Peters, attorneys for defendant and appellant.

CLAIBORNE, J. B. A. Flanders was a creditor of Kracke and Flanders for $24,000 secured by mortgage on property owned by Kracke and Flanders. Kracke and Flanders went into the hands of a receiver in September, 1923; in February, 1924, the Receiver obtained an order for the sale of the mortgaged property on terms of cash, the purchaser to assume the taxes of 1924; at the sale the property was adjudicated to B. A. Flanders, mortgage creditor, for a price less than his mortgage. In accordance with jurisprudence Flanders claimed the right to retain in his hands the amount of the purchase price accruing to him as a mortgage and preferred creditor; this right was conceded by the Receiver, who claimed, however, that Flanders should reimburse to him in money the sum of $695.75, amount of taxes of 1923 on the mortgage property sold to him which the Receiver had paid in January, 1924.

Flanders, the purchaser, claimed that he owed only the taxes of 1924, as they were the only ones he had assumed to pay under the terms of the sale.

The trial judge decided that Flanders should pay the taxes of 1923, and from that judgment he has appealed.

The trial judge was right. All that Flanders was authorized to retain as mortgage creditor was the amount coming to him as a mortgage creditor. He was obliged to pay all the claims that were privileged above his own, and the taxes certainly are of that number.

The terms of sale had nothing to do with the question of whether he should pay the taxes of 1923 or not. His liability arose not from the terms of sale, but from his obligation to pay claims superior to his own in rank. His right was exclusively to retain what was coming to him out of the proceeds of sale as a practical concession so that he might not have to pay the whole of his bid, to the Receiver, and then receive it back from the Receiver in whole or in part. Nor did the fact that the Receiver paid the taxes of 1923, prior to the sale, relieve Flanders of this obligation. The taxes were paid out of the general funds. In filing his account, these taxes would have appeared as a privileged claim superi-

or to the Flander's mortgage and that would have settled the obligation of Flanders to pay them.

The Receiver had a right to use the money belonging to ordinary creditors to pay off a claim superior to the mortgage; but after the sale of the property and upon final settlement the ordinary creditors were entitled to be paid back in preference to the mortgage creditor the amount of their funds used to pay the prior privileged taxes. White vs. White, 147 La. 561, 85 South 241.

A mortgage creditor purchasing property at an insolvent sale may retain the price in his hands conditioned upon his paying the claims superior to his own. 2 H. D. 1501 (C), 1 H. D. 696; Bacon vs. McNutt, 3 Mart. N. S. 129; Rodriguez vs. Dubertrand, 1 R. 535; Goodale vs. His Creditors, 8 La. 302; Joseph Hollier vs. Widow Simon Gonor, 13 La. Ann. 591; Succession of Triche, 29 La. Ann. 384; Tertrou vs. Durand, 30 La. Ann. 1108; Succession of Bellow, 108 La. 477, 32 South. 618.

Flanders alleges that the Receiver collected rents from the mortgaged property and that they should be applied to the payment of these taxes.

There is no evidence of any rent having been collected by the Receiver from the mortgaged premises. The right of B. A. Flanders to establish the same and to claim them, if legally entitled to the same, will be reserved.

It is therefore ordered that the judgment appealed from be affirmed, reserving the right of B. A. Flanders in a future proceeding to establish what rents were collected by the Receiver herein from the properties mortgaged to him, and to claim them if legally entitled to the same.