ODOM, J.
 

 William J. Carmouche died at his residence in the parish of Acadia on October 27, 1930. and Emile A. Carmouche, Sr., qúalified as administrator of his succession on November 23 following. The succession was apparently'in-’ solvent. On December 18 the administrator obtained an order from the court to sell the property in order to pay the debts. ■
 

 Among the assets of the succession were1 certain parcels of real estate situated in the parishes of Bossier, Caddo, and Acadia 'which were subject to special mortgages imparting confessions of judgment, containing the pact de non alienando and a waiver of appraise^ ment. The notes secured by these mortgages were held by H. G. Freedman,of Shreveport, and were overdue when the succession was opened.
 

 On December 19, the day following the date on which the administrator obtained the or
 
 *811
 
 der to sell the property of the succession to pay the debts, Freedman proceeded by executory process issued in the parish of Bossier to foreclose his mortgage on the property in that parish, without knowledge, it appears, that the administrator had, on the day before, obtained an order to sell the same property.
 

 On hearing that the administrator had obtained such order to sell, Freedman ruled him to show cause why the order should not be set aside in so far as it affected the property mortgaged. .
 

 On trial, the rule was made absolute, and the commission to sell issued to the administrator was recalled and set aside in so far as it authorized the sale of the property hypothecated to Freedman.
 

 The administrator appealed.
 

 1. Counsel for the succession, appellant, states in his brief that the issue squarely presented to the court in this case is:
 

 “Whether or not the probate court and the probate court alone has the exclusive right and/or power to order and/or direct the sale of the property of successions.”
 

 This is not the first time this question has been “squarely presented” to the court, and it has each time been “squarely answered” contrary to the contention here made by counsel.
 

 In Succession of Loeper, 105 La. 772, 30 So. 131, 133, the court, through its organ, Justice Nicholls, said:
 

 “There can be no doubt, under numerous decisions of this court, of the right of the holder of a note secured by special mortgage on certain property, with the clause de non alienando, to enforce the mortgage by executory process, notwithstanding the fact that the debtor had died, and his succession was under administration.”
 

 In Twomey v. Papalia, 142 La. 621, 77 So. 479, 482, this court said:
 

 “It is well settled that a creditor whose claim is secured by an authentic act of mortgage, importing confession of judgment and containing the pact de non alienando, may resort to executory proceedings against the succession of the deceased mortgagor and have the mortgaged property seized and sold to satisfy the debt, without having to await the appointment of an administrator and suffer the delay and expense of an administration and final settlement of tEe succession of the deceased mortgagor. See Succession of Thompson, 42 La. Ann. 118, 7 So. 477; Succession of Leoper, 105 La. 772, 30 So. 131; Succession of Finegan, 135 La. 473, 65 So. 614; Succession of McCall, 140 La. 88, 72 So. 818.”
 

 2. It is equally as well settled that, if an administrator procures the issuance of an order to sell property of the succession which is incumbered with special mortgages, such creditors may have the order of sale rescinded by rule, if demand be seasonably made. Succession of Thompson, Succession of Loeper, and Succession of McCall, supra.
 

 In the instant case, the order of sale was obtained by the administrator without giving notice to plaintiff in rule.
 

 3. In the alternative, counsel for the succession contends that plaintiff in rule, the mortgage creditor, was guilty of laches.
 

 We do not think so. The administrator obtained the order to sell on December 18; the order for executory process issued on December 19; and on January 9 following, the rule
 
 *813
 
 to have the succession order set aside was filed. More prompt action on the part of the plaintiff in rule could hardly be expected.
 

 4. Finally, we note that counsel suggests that, inasmuch as the succession was opened in the parish of Acadia, the court for the parish of Bossier had no jurisdiction to issue the •order of executory process.
 

 The property sought to be foreclosed is situated in the parish of Bossier. Article 736 of the Code of Practice provides that “the judge within whose jurisdiction is situated the property subject to the privilege or mortgage, has the power to issue this order of seizure and sale, although the debtor resides out of his jurisdiction.”
 

 The deceased was a resident of the parish •of Acadia. His succession was opened in that parish by the appointment of an administrator. Article 734 of the Code, speaking of the •“Rights of Mortgage Creditor,” says: “Provided in all eases where the property of the debtor is under the administration of an ex•ecutor, administrator, syndic, or other fiduciary officer, the proceedings may be conducted ••against such executor, administrator, syndic •■or other fiduciary officer.”
 

 It is not disputed that, had Mr. Carmouche 'been alive when these notes matured, the court of Bossier parish, where the property was situated, would have had jurisdiction to .issue the order of executory process. But it is contended that, when his succession was .-opened in the parish of Acadia, the- court of that parish was vested with exclusive jurisdiction over the succession property.
 

 In so far as the rights of mortgage creditors are concerned, the administrator stands :in the place and stead of the deceased. They have the same rights of action arid .may avail themselves of the same remedies for .the collection of their claims against the administrator as they would have had against the mortgagor had he lived.
 

 The court where the hypothecated property is situated does not;lose its jurisdiction to issue executory proceedings for the foreclosure of the mortgage merely because the debtor’s succession is opened in another parish.
 

 For the reasons assigned, the judgment appealed from is affirmed, with all costs.