## SMITH v. BANK OF ROBELINE.
### No. 4289.

Court of Appeal of Louisiana. Second Circuit, Second Division.

June 11, 1932.

Phanor Breazeale, of Natchitoches, for appellant.

Rusca & Cunningham, of Natchitoches, for appellee.

### STEPHENS, J.

On May 17, 1930, upon the application of certain creditors, J. A. B. Smith was appointed receiver of Veal-Winn Company, Inc., with power and authority to conduct the business of the corporation as a going concern. With the approval of the court, the receiver issued certificates of indebtedness and borrowed $2,000 for that purpose. The business was conducted unsuccessfully by the receiver un-til the spring of 1931, when it became apparent that the corporation was hopelessly involved, and the court ordered that the receiver sell all of its property, rights, and credits. At public sale, pursuant to the order, the Bank of Robeline, defendant, bid $2,550 for the brick store building and the warehouse of the corporation and was adjudicated the property; but, as it held a mortgage on the property purchased, in a sum exceeding the amount of its bid, it was permitted to retain the same.

Prior to the sale of the property, the receiver expended, for its benefit and preservation, $152.82 for taxes and $149.38 for insurance.

. The whole of the assets of the corporation, including the mortgaged property adjudicated to the bank, sold for $3,908.

The costs and fees incident to the receivership, set forth in a provisional account, duly homologated, aggregated $845, and are itemized as follows:

Cost of Receivership ...................$295
Attorney's fees .......................... 350
Receiver's compensation ............... 200
                                         ———
                                         $845

The purpose of this suit is to recover from the bank, because of its having retained the amount of its bid, $302.20 expended by the receiver for the preservation of the mortgaged property; 65.2 per cent. of $845, the aggregate costs and fees of the receivership; and $368.64 interest on the mortgage indebtedness paid by the receiver to the defendant bank.

The defendant filed an exception of no cause or right of action; a plea of prematurity; a prayer for oyer of the procès verbal of the sheriff's sale; and a plea of estoppel.

The trial court sustained the prayer for oyer, but overruled all other pleas and exceptions.

The defendant then filed an answer to the suit, but therein does not appear to have specifically put at issue the facts upon which plaintiff relies, but contents itself in the position that the receiver's claim is not well founded in law.

A trial of the case resulted in a judgment for the plaintiff as prayed for. The defendant appealed.

The exception of no cause of action and the pleas of prematurity and vagueness are mentioned in the defendant's brief, but are not urged, and were no doubt correctly overruled by the trial court. The plea of estoppel upon which the defendant largely rests its defense will be herein later discussed.

The defendant was not one of the creditors which provoked the appointment of the

receiver, but it did not oppose the appointment, nor did it oppose the granting of authority to the receiver to operate the business of the corporation as a going concern. It may have foreclosed its mortgage either before or after the appointment of the receiver. It chose, rather than to foreclose its mortgage, to take its chances upon the possible success of the administration of the receivership. It tacitly permitted the receiver to incur obligations, and to pay the taxes and insurance on the mortgaged property out of the general fund of the receivership.

It is the contention of the receiver that the defendant bank, by virtue of its having acquired title to the mortgaged property·under the circumstances related, and retained the amount of its bid, should return the money which was expended for the preservation of said property to the general fund, and pay its just proportion of the costs of the receivership.

The plaintiff's position is well supported by the jurisprudence of the state.

In Teutonia Bank & Trust Company v. Security Brewing Co., 137 La. 1046, 69 So. 833, Mr. Chief Justice Monroe was the organ of the court. We quote from the syllabus the following:. "Where a mortgage creditor of a business corporation, such as a brewing company, provokes the appointment of a receiver, with full power to take charge of the assets and conduct the business as that of a going concern, and the other mortgage creditors, having the right to foreclose at will, acquiesce in such appointment by silence and inaction, and await the result of the experiment, of which, if successful, they are to receive the benefit, they, and not the persons who furnish the receiver with the supplies and material necessary to the conduct of such experiment, assume ·the risk, and they are estopped to deny that the debts incurred for such supplies and material should be paid in preference to the debts due them, contracted by the corporation prior to the appointment of the receiver."

It was conceded in the case from which we have quoted that the mortgaged property should bear the costs of taxes and insurance expended for its benefit.

In re Receivership .of Farmers' Union Warehouse Co., 135 La. 970, 66 So. 315, 316, Mr. Chief Justice O'Niell used the following language: "As the mortgage creditor did not see fit to foreclose the mortgage, but preferred to let the receiver administer and sell the mortgaged property under the orders of court, the proceeds ,of the sale should bear their proportionate share of the fees allowed the receiver and his attorney."

Mr. Justice Land, in commenting on the failure of the plaintiff, in International Harvester Company v. Union Irrigation Company, 150 La. 405, 90 So. 741, 751, to exercise immediately its right to enforce its vendor's lien, said: "Instead of exercising this summary remedy, in which case it would have incurred the costs only of this particular sale and proceeding, the International· Harvester Company permitted its property upon which it had a privilege to remain under the dominion, control, and operation of ·the receivership, * * * and therefore it subjected its property to the costs and charges of the receivership, the same as other creditors pursuing the same course."

In A. C. Ittman v. Kracke & Flanders Co., 1 La. App. 761, it was held that the purchasing mortgage creditor at 'the receivership sale, who retained the amount of his bid, was liable for taxes for the year previous to the sale, which had been paid by the receiver out of the general fund, in addition to the taxes for the current year.

Clearly, the trial court was correct in holding that the defendant is liable for the money expended for taxes and insurance, and its proportionate part of the costs and fees. As the defendant's bid was 65.2 per cent. of the total of bids for all property sold, it should bear as its proportion of the expense 65.2 per cent.. of the amount of costs and fees of the receivership.

However, we are not convinced that the principle of law upon which plaintiff is permitted to recover the items mentioned is applicable to the claim for interest which accrued on the mortgage indebtedness during the existence of the receivership, and which was paid by the receiver to the bank.

The property which the bank's mortgage affected consisted of the store building and the warehouse; and the corporation was in the mercantile business. In order, therefore, that the business of the corporation be continued, it was necessary that the bank refrain from foreclosing its mortgage. The interest was no doubt paid to the bank as it accrued, as an inducement to it to permit the continued operation of the corporation as a going concern.

■ The receiver. paid the interest; the experiment continued for the benefit of all the creditors; and the item of $368.64 as interest paid the bank appears on the receiver's provisional account and has been approved by the court. We are of the opinion that it was a lawful voluntary expenditure by the receiver, of the general fund, in the administration of the receivership, and is not recoverable from the bank.

■ The defendant contends that, as the sheriff's procès verbal of the sale of the mortgaged property contains a clause that the purchaser did not pay the price of its bid, but retained it to apply as a credit on its mortgage, the receiver is estopped to maintain this suit for any portion of the retained amount. We do not think there is any merit in the con-

.tention. The right which the bank had to retain the price bid, and the conditions upon which the right was exercised, are fixed by law, and are in no way affected by any statement of the sheriff in the procès verbal, if such statement is not in accordance with the law.

■ It is well settled that, if a mortgage creditor purchases the property subject to his mortgage, at a receiver's sale, he may retain the price, if the price be not in excess of the mortgage, conditioned upon his paying claims superior to his own.

The claims here sought to be recovered are superior in rank to the mortgage.

Certainly, in the instant case, the omission from the procès verbal of the condition imposed by law on the bank because it was permitted to retain the price of its bid could not affect its liability, nor operate as an estoppel against the receiver acting in the interest of the ordinary creditors.

For the reasons assigned, we are of the opinion that the judgment appealed from should be amended and reduced to the sum of $852.54; and, as thus amended and reduced, it should be affirmed, and it is so ordered.