**FEDERAL LAND BANK OF NEW ORLEANS v. Succession of LACOUR (BANK OF BATON ROUGE, Intervener).**

**No. 1205.**

Court of Appeal of Louisiana. First Circuit.

Oct. 5, 1933.

M. T. Hewes, of New Roads, for appellant.

A. N. Simmons, of Napoleonville, for appellee.

LE BLANC, Judge.

The plaintiff, Federal Land Bank of New Orleans, had executory process to issue against a tract of land belonging to the estate of Ovide Lacour upon which he had, during his lifetime, granted a mortgage in its favor. The court granted the usual and necessary order, and in due course of time the property was advertised for sale.

The Bank of Baton Rouge, administrator of the succession of Lacour, intervened in the suit claiming that out of the proceeds of the proposed sale certain debts which it alleges are all privileged debts of the estate should be paid by preference over the plaintiff bank, seizing creditor herein.

Exceptions of no cause of action and of no right of action filed by the plaintiff were maintained by the court, and the intervention and third opposition of the Bank of Baton Rouge, administrator, was dismissed. This appeal was taken from a judgment which so decreed.

The court in maintaining the exceptions referred to certain decisions of the Supreme Court which it construed to hold that a mortgage creditor had the right to have the property of the estate of his debtor seized and sold separately from the other property belonging to it, and thus avoid liability for the ordinary costs of administration of the succession. The decisions cited are Succession of Thompson, 42 La. Ann. 118, 7 So. 477; Succession of Finegan, 135 La. 473, 65 So. 614; Freedman v. Succession of Carmouche, 174 La. 808, 141 So. 843. After stating what he holds to be that general principle as taken from those decisions, the learned trial judge qualifies his ruling somewhat by saying that it does not follow, however, that in all cases property of a succession foreclosed on and sold independently of the succession proceedings would escape liability for certain debts of the succession such as funeral charges and expenses of last illness. But even as to these he holds that it must be affirmatively shown that the movable effects of the succession were not sufficient to pay them, and that there was no immovable property free of incumbrances, or incumbered only with mortgages of inferior rank to that of the seizing creditor, out of which they could be paid.

We agree with the trial judge in the main on these general propositions, but even as he states them they must be taken into consideration and read in connection with the petition of the third opponent herein, and when we come to consider the allegations of that petition we find it therein averred "that all movable property depending upon the estate of the late Ovide Lacour, has been sold at public auction, provoked to pay debts and the funds derived therefrom have been expended in paying pressing privileged debts due by the estate." It seems that here is an allegation strong enough to show that there are no movables of the estate left with which to pay these privileged debts claimed to be due by it, some of which come within the class the trial judge concedes the mortgage creditor might have to yield his mortgage rights to. Now, with respect to the immovable property remaining in the succession, the intervener alleges in its petition that it has attempted to sell the same but failed to effect a sale, as no person appeared to bid upon it when it was offered at public auction. Further, it is alleged that "the said properties are of little or no value, consisting of unimproved lands not fit for farming purposes," and further "shows that all of same is subject to judicial mortgages and other liens and privileges far in excess of the value thereof." True, as stated by the district judge, the judicial mortgages alleged by the intervener could not take precedence over the special mortgage asserted by the seizing bank, the plaintiff herein, but the allegation as is to be observed from the quotation herein made is not restricted to judicial mortgages. Intervener specifically alleges that there are other liens and privileges on that property. The exception of no cause of action necessarily admitted that these liens and privileges existed, and also that with the judicial mortgages referred to they far exceed the value of the property.

The issues presented are, in our opinion, matters of defense which properly belong to the merits of the case and should not be disposed of by an exception. So, also, is the issue as to whether the property, on which there was no bid when offered for sale, should have been sold on twelve months' bond.

We are firmly of the opinion that as to certain of the debts claimed, the petition of

intervention discloses a cause of action and a right of action against the seizing mortgage creditor. These are the debts due the doctor and the nurse who attended the decedent during his last illness, and also the bill for medicines incurred at that time. The important question which the case presents, as we view it, is as to whether the other claims, being those for administrator's fees and other costs of administration, should also be paid by preference over the mortgage creditor. It is doubtful in our minds whether the mortgaged property should be subjected to the payment of such costs. Decisions are cited in brief of counsel for intervener, in which the court has held that under certain circumstances the property may be made to bear its proportionate share of the fees allowed a receiver and his attorney when it has been administered under a receivership. Receivership of Farmers' Union Warehouse Company, 135 La. 970, 66 So. 315; International Harvester Co. v. Union Irrigation Co., 150 La. 405, 90 So. 741. What the circumstances were in this case can only be ascertained from a trial of the case of the merits, and in view of these decisions we think that on this question also the case should not be disposed of on an exception of no cause of action.

For the reasons stated, we have reached the conclusion that the judgment of the lower court should be reversed, and that the exceptions of no cause and of no right of action should be overruled, and the case remanded.

It is therefore ordered that the judgment appealed from be, and the same is hereby, set aside, avoided, and reversed, and it is further ordered that the exceptions of no cause of action and of no right of action filed by the plaintiff be, and the same are hereby, overruled, and that the case be remanded to the district court for further trial and proceedings according to law; plaintiff and appellee to pay all costs thus far incurred in this intervention and third opposition.