CHARLES MINOT *v.* THE PRESIDENT, DIRECTORS, AND COMPANY OF THE BANK OF THE UNITED STATES.

Proceedings under an order of seizure and sale, cannot be arrested by a rule to show cause. Art. 739, *et seq.*, of the Code of Practice, point out the mode in which opposition to executory process may be made by the defendant in it ; and arts. 396, *et seq.*, of the same Code, and other laws, the means by which third persons may protect their rights.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

GARLAND, J. The plaintiff having obtained several judgments in the State of Pennsylvania, against the defendants, presented them to the Judge of the Commercial Court, with a prayer, that he would grant him executory process, in conformity with the 2d clause of article 732, of the Code of Practice. The usual order was granted, and process issued ; which was levied on certain rights and credits alleged to belong to the defendants, which, after a demand on, and notice to, the counsel appointed to represent the defendants, were advertised for sale. The attorney appointed to represent the defendants, then appeared in the court below, and stating the fact of the seizure and advertisement, moved that the plaintiff and Sheriff should show cause why they should not desist from further proceedings in the premises :

1st. Because the formalities and delays of the law in regard to

demand, notice of seizure and advertisement, had not been observed, and granted.

2d. Because the description of the property in the advertisement, was vague and insufficient.

3d. Because no part of the notes and obligations advertised, are in the possession of the Sheriff; and the notes of the Gas Bank pretended to be seized, are not within the jurisdiction of the court.

4th. Because previous to this seizure of the notes, they had been attached by the United States, in a suit against the defendants, in which suit certain persons had intervened and claimed them as their property, by virtue of an assignment, and certain receivers had been appointed by the court to collect the amount of said notes, who had the lawful custody, and charge of all of said property, with power to administer the same; and because the order of the court, in relation to the disposition of said notes and funds, would be entirely defeated and annulled, if the seizure was permitted to proceed; and because the whole proceeding was in disobedience of the order, and a contempt of the authority of the court.

5th. Because the affairs of the defendants are much embarrassed, and as the notes, rights, credits, and property are now in the hands of the receivers, the plaintiff ought to intervene in the case in which they were appointed, and receive a portion of the funds to be distributed.

To this rule the plaintiff answered, and showed for cause:

1st. That the defendants had no right, nor the court any power, to arrest the sale, unless in the manner prescribed by law, to wit, by an injunction.

2d. That no sufficient cause is stated to arrest the proceedings.

On hearing the parties, it appeared, that previous to the seizure under the plaintiff's execution, the United States had attached the same rights and credits; that the assignees of the Bank of the United States had intervened in the suit and claimed them; and that the Commercial Court had appointed Adams & Frazier, receivers of the funds, who had in their possession all the evidences of debt attached and seized, they having been delivered to them by the Sheriff, under the orders of the court.

Monot v. The Bank of the United States.

The court ordered, that the Sheriff should desist from selling the rights, titles, and interest, in the advertisement recited, reserving the right to the plaintiff to intervene for his interest in the suit of *The United States* v. *The Bank of the United States*, and any rights he may have acquired by the seizure under the *fi. fa.*

It will be observed, that neither the receivers appointed by the court, the United States, nor the assignees of the Bank of the United States, are parties to this proceeding. It is the action of the Bank alone, or rather of the attorney appointed to represent it. He states, and proves the above facts, and calls upon us to arrest an execution against his principal, because it may prejudice the interests of other parties not before us. It is very clear, that the rights of those parties will not be, in any manner, affected by any decision, that may be made in this case. It would therefore be improper for us to express any opinion that should operate upon them. When they shall present themselves, it will be time enough to protect their interests.

As the case is now presented, we think the court erred in sustaining the rule, and in arresting the plaintiff and Sheriff in the course they were pursuing. The Code of Practice, arts. 739, 740, &c., indicates the mode in which oppositions to executory process may be made by the defendants in them. Arts. 395, 396, 397, 398, 399, of the same Code, and other laws, afford ample means to third persons, to protect their rights. In the present case, we think the defendants are not entitled to arrest the plaintiff's execution, without security and a regular injunction. The Judge therefore erred in making the rule absolute.

The judgment of the Commercial Court is, therefore, annulled and reversed, and it is ordered, that the rule taken upon the plaintiff be discharged, with costs in both courts.

*F. Wharton* and *P. Anderson*, for the appellant.

*T. Slidell* and *Grymes*, for the defendants.