No. 2131.—LAFITTE, DUFILHOE & CO. v. ACKLEY PERKINS.

In order to bind the drawer or indorser of a protested draft, notice must be directed to his postoffice. Notice sent to another postoffice than that of his domicile will not avail.
A party will not be permitted to prove what he has not alleged in his petition.

APPEAL from the Seventh District Court, parish of West Feliciana, *Miller*, J. *Winter & Butler* for appellant. *Wickliffe & Fisher* for appellee.

WYLY, J. In June, 1865, the defendant drew his draft on J. & H. Perkins, of New Orleans, payable on first November following. It was accepted by the drawees; it was again presented for payment and protested for non-payment.

On the trial the testimony showed that the notice of protest was sent to the postoffice at Baton Rouge, and not to the defendant's postoffice at Bayou Sara.

There was judgment for defendant, dismissing the suit, and plaintiffs have appealed.

The evidence clearly shows that the conditional obligation herein declared upon was not rendered unconditional by notice of protest not being duly served on the drawer of the draft.

Our attention is called to a bill of exception taken by the plaintiffs to the ruling of the court in not permitting them to compel the defendant to answer their interrogatory inquiring whether the defendant had funds in the hands of the drawees at the time the draft was drawn, and at the time it was protested for non-payment.

We think the District Judge did not err in refusing the testimony sought by plaintiffs because they had made in their petition no allegations to warrant the same. It is well settled that a petitioner cannot be permitted to prove more than he has alleged.

We see no error in the judgment.

It is therefore ordered that the judgment appealed from be affirmed with costs.

Rehearing refused.