No. 2233.—CITIZENS' BANK OF LOUISIANA et al. *v.* CROOKS & MAR-ISTANY, Subrogated, etc., and M. MORGANS, Sheriff.

A judgment creditor cannot sell under execution the buildings, seed cane, and mules placed on a sugar plantation separately from the plantation.

Where it is manifest from the record that the plaintiffs in injunction would be entitled to a new writ if the one which had issued were dissolved, the case will be remanded to enable the plaintiffs to supply the evidence omitted.  11 An. 546 ; 12 An. 92, 178 ; 18 An. 111.

APPEAL from the Fifth District Court of New Orleans.  *Léaumont,* J. *A. Pitot* and *W. O. Denegre,* for plaintiffs and appellees. *Hornor & Benedict,* for defendants and appellants.

LUDELING, C. J.  The Citizens' Bank of Louisiana obtained an injunction to prevent the defendants from selling "a sugarhouse and other buildings, seed cane and forty-six mules, attached to a plantation," which, it is alleged, is mortgaged in favor of the corporation for a large debt.

The reasons assigned for enjoining the sale are that the buildings, seed cane and mules on the place cannot be sold separately from the plantation.  The defendants filed a general denial, and specially denied that the plaintiff had "any interest in or privilege on the property seized."  They further alleged that the bank had not set forth any cause of action in the petition.  There was judgment in favor of the plaintiff.

The bank offered in evidence the mortgage act and notes, but omitted to offer in evidence the execution and Sheriff's return therein. The defendants offered no evidence whatever, except the judgment against the common debtor.

The pleadings of the parties, the admissions in the defendants' brief, and the judgment of the District Judge make it probable that the property described in the petition was seized and advertised for sale as alleged.  The buildings on a plantation, the seed cane and the mules placed there for the cultivation of the soil cannot be sold separately from the plantation.  C. P art. 645 ; act of 1843, p. 45 ; C. C. 455, 459. It is manifest that the plaintiffs would be entitled to a new writ if this injunction were dissolved.  Under the circumstances, justice requires us to remand this cause to enable the plaintiffs to supply the evidence omitted.  8 M. 170; 6 An. 764, 778, 793; 8 An. 459; 11 An. 546; 12 An. 18, 92, 178 ; 18 An. 111.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed, and that this case be remanded to the court *a qua* for further proceedings.  It is further ordered that the appellee pay the costs of appeal.

Rehearing refused.