Learned vs. Walton.

## No. 10,323.

RUFUS F. LEARNED VS. GEORGE L. WALTON.

In executory process, the fact that the order of the judge endorsed on the petition and authentic evidence attached thereto, was made before the documents were filed in court, affords no ground for relief, in absence of proof of injury. Other points referred to and overruled.

APPEAL from the Ninth District Court, Parish of Concordia. Young, J.

Steele & Dagy for Plaintiff and Appellee.

Luce & Lemle for Defendant and Appelllant.

The opinion of the Court was delivered by

FENNER, J. In this appeal from an order of seizure and sale, the principal point of complaint seems to be that the judge granted and signed the order at chambers on the petition and accompanying documents before the latter were filed in court. The authority of the judge to act in chambers is not questioned, but it is claimed that he could not validly so act until after the judicial proceeding had been inaugurated by filing the petition in court.

We find no merit in the point. The order of seizure and sale is one granted in limine and at the very threshhold of the executory proceeding. The order of the judge has no effect until the filing in court; the

filing of the petition in court is inoperative until the order is made. The order and the filing may be simultaneous acts; their concurrence is essential to support any further proceeding; but when they do concur, the order of time in which each act was respectively done is matter of no moment.

The judge, when such a petition is presented to him and he grants his order thereon, well knows that it is to be filed and that, until filed, his action is nugatory. He authorizes such filing, and, when filed, his order is to be treated as done *nunc pro tunc*, as held in the case of a confession of judgment endorsed on a petition before filing. Kelly vs. Lyons, 40 Ann. —.

In the country, where the district judge presides in different parishes, and where his residence may be remote from the parish seat, it is often convenient, and has certainly been a common practice, to get the order before filing the papers. This practice has been several times noticed by this Court without objection. Nash vs. Johnson, 9 Rob. 11; Bloom vs. Martin, 20 Ann. 256.

The last case just cited, also answers the objection that the appellant is without means of knowing what evidence the judge had before him as a basis for his order. The Court said: "It is to be presumed, without proof to the contrary, that the judge granted the order on proper evidence." But in the instant case, the petition, on which the order is endorsed, describes the notes and act of mortgage, and recites that they are "*attached*" to the petition. The clerk certifies that they were handed to him with the petition, and they are duly spread upon the record. The fact that they were *attached* to the petition doubtless explains the absence of separate endorsement of filing on the act and notes when the papers were handed together to the clerk.

The discrepancy of ninety-five cents between the act of mortgage and the notes secured thereby, in a sum of $8100, is too insignificant to escape the rule *de mimimis*, etc.

The complaint urged on this appeal, unaccompanied by the slightest suggestion of injury, have, perhaps, received more attention than they deserved.

Judgment affirmed.