No. 9147
Orleans

COMMERCIAL CREDIT COMPANY, INC.,
v. MELBA CANDY COMPANY
Appellant

---

(January 18, 1926, Opinion and Decree)

---

(*Syllabus by the Court.*)

1. **Louisiana Digest—Executory Process— Par. 11.**

In proceeding via executiva, nothing can be left to conjecture. The order of seizure and sale must be supported by authentic evidence exclusively.

2. **Louisiana Digest—Executory Process— Par. 5.**

On appeal, where the particular mortgage note is described in the petition and therein alleged to be a note upon which executory proceedings are predicated, is not shown by the record to have been offered or filed, the order of seizure will be set aside and the proceedings dismissed as of non-suit.

3. **Louisiana Digest—Executory Process— Par. 4, 5, 11.**

A note filed after issuance of the writ and after appeal has been taken and transcript of appeal lodged in the appellate court cannot there be considered as authentic evidence justifying the order appealed from.

Appeal from the Civil District Court for the Parish of Orleans, Division "D". Hon. Porter Parker, Judge.

This is an appeal taken by defendant in executory proceedings claiming that the proceedings based upon a chattel mortgage were issued without adequate or authentic evidence. Order of seizure and sale set aside and proceedings dismissed as of nonsuit.

Marx & Levy, of New Orleans, attorneys for plainitff, appellee.

Azzo J. Plough, of New Orleans, attorney for defendant, appellant.

BELL, J. This appeal is prosecuted by defendant in executory proceedings. It is contended that the fiat issued without adequate or authentic evidence, and that the order of seizure and sale should therefore be annulled and set aside.

In this court plaintiff and appellee answers the appeal, and avers that it is frivolous and was taken for purposes of delay, and he prays the affirmation of the judgment appealed from with ten per cent damages.

Appellant assigns as error, apparent upon the face of the record, that there was no authentic evidence before the lower court at the time it granted the order of seizure and sale of the particular note as described in the petition, and further, that there is no evidence of which this court can take cognizance that the particular note was ever filed or offered at the time stated.

In the first paragraph of plaintiff's petition it is alleged that plaintiff is the holder and owner for valuable consideration before maturity of a certain promissory note made and subscribed by the defendant and payable "to the order of petitioner". The remaining allegations of this paragraph contain the description of the note and affirm that it contains notarial paraph for identification with a certain act of sale and mortgage made by the defendant and given in security for the payment of an unpaid balance of the purchase price of a certain automobile.

The petition was filed in the Civil District Court for the Parish of Orleans on April 25, 1923, and presumably an order, on the same day, was issued and signed by the Honorable William H. Byrnes, a judge of said court. The order, in fact, bears no date indicating when it was issued or signed, but under the authority of Huber vs. Jennings-Heywood Oil Syndicate, et al., 111 La. 747, 35 South. 889, it must be presumed, in the absence of proof to the contrary, that the order was signed at the time and place contemplated by law.

Considering the other and more serious ground for annulling the judgment appealed from and which has already been noted, we are of the opinion, under innumerable authorities, that the contention of appellant is well-founded, and that the judgment or order appealed from must be annulled and set aside.

The alleged chattel mortgage note, upon which executory process was taken and issued in these proceedings, is not found in the record. The lack of this authentic evidence is fatal. The transcript of appeal indicates that on April 25, 1923, a note was filed, and upon examination of this document we find it to be no note at all. The document in question bears no signature, but the words, "Melba Candy Company", appear in typewriting at the usual place for signing a note, and this document is made up entirely of printed matter, and across the face thereof there appears in printed red ink the words, "Copy—Not Negotiable".

The petition, as already noted, sets forth that the note sued upon is paraphed "Ne Varietur" to identify it with an act of sale and chattel mortgage passed before Stamps Farrar, notary public, but no paraph appears upon the document found in the record, nor is any signature of the

notary in ink or in print found upon the offered note. This document, in fact, contains the stamp and signature of the clerk of court and shows that it was filed on the date mentioned, to-wit, April 25, 1923. It requires no further discussion to establish the conclusions that this document could not have constituted in law the authentic evidence upon which the order of seizure and sale could have issued.

At the hearing of this cause, another document, which appellee contends is the true note upon which the suit is based, was presented to this court. This note, however, appears to have been filed by the clerk of the district court two days after the appeal in this case was taken, and after the transcript of appeal was lodged in the clerk's office of the appellate court. It follows from these facts that the court can take no cognizanace of the document in question, but even if it were considered it is shown to be a note payable "to the order of Jarreau Motor Company", and not to petitioner, as alleged in the pleadings.

In Bass vs. Barthelemy, 134 La. 322, 64 South. 126, the court said:

"Under the law, as it stood prior to the enactment of the statute, No. 67 of 1908, the two witnesses to an authentic act, importing confession of judgment, were required to be 'free, male and aged not less than 14 years'; hence, where one of the witnesses was a female, the act was not authentic, did not import confession of judgment, and executory process could not lawfully issue thereon, nor could, nor can, such writ issue to enforce payment of a note purporting to be secured by an act, otherwise authentic, in case of a discrepancy between the note sued on."

In Ricks vs. Bernstein, 19 La. Ann. 141, it was held:

"It is probable that there was error in the drawing of the note; but in a proceeding via executiva, nothing can be left to conjecture. 1 Hen. Dig. 646, Sec. 1. Every fact must be patent upon the face of the papers, and if there is any matter in pais, some other proceeding than one via executiva must be resorted to to prove it. In the present case, there is a want of identity between the note annexed to the petition and that described in the authentic act, and the judge erred in granting the order."

See also Bank of Leesville vs. Wingate, 123 La. 386, 48 South. 1005.

Taylor and Husband vs. Deodicker, et al., 21 La. Ann. 171.

Burns vs. Naughton, 24 La. Ann. 476.

Miller, Lyon & Co. vs. Cappel & Curry, 34 La. Ann. 264.

Van Raalte vs. Congregation, 39 La. Ann. 618, 2 South. 190.

In Hackemuller vs. Higueroa, 125 La. 307, it was said in the court's syllabus that, "where there is a discrepancy between the note and the authentic act relied on in the obtention of an order of seizure and sale, the creditor cannot proceed via executiva."

In the present case the record eloquently establishes valid grounds for the appeal herein taken, and therefore appellee's prayer for damages because of the frivolous appeal is denied.

Our attention is called to the case of Learned vs. Walton, 41 La. Ann. 233, 6 South. 125, where it was held that in executory process the fact that the order of the judge indorsed on the petition, and authentic evidence attached thereto, was made before the documents were filed in court, affords no ground for relief. We find upon examination of this case that it has no application to the instant case, for the reason that the bona fide note and act of mortgage describing the note were filed on the same date on which the order was issued. In the instant case counsel for appellee makes the erroneous statement in his brief that the real note sued upon and the act of chattel mortgage were made part of the petition and filed with the petition. It is plain, from the record disclosures already noted, that the actual note described in the peti-

tion was not filed or offered either before or on the date upon which the order of seizure and sale was issued.

Upon the authorities above cited, we are of the opinion that the order of seizure in this matter has been improvidently granted.

It is therefore ordered that the order appealed from be annulled and set aside, and that the executory proceedings be dismissed as of non-suit, all costs to be taxed against plaintiff and appellee.