### COREIL v. VIDRINE.
### No. 1595.

Court of Appeal of Louisiana. First Circuit.
May 8, 1936.

842

Guillory & Guillory, of Ville Platte, for appellant.

Dubuisson & Dubuisson, of Opelousas, for appellee.

OTT, Judge.

The suit is by executory process to foreclose a mortgage on certain land and improvements in the town of Ville Platte, the balance due on the mortgage being the sum of $1,249, plus interest and attorneys' fees. The order for executory process was signed by the judge on December 10, 1935. On December 12, 1935, defendant obtained an order of appeal from the judgment and filed a bond for a suspensive appeal on the same day.

The only issue on appeal from an order of executory process is whether or not the authentic evidence justified the issuance of the writ. It is urged in this case that the order was signed by the judge without proper evidence as the note and a certified copy of the mortgage were not annexed to or filed with the petition. The record filed in this court fails to show the note or copy of the mortgage necessary to support the executory proceedings. Under these circumstances, the order for the executory process cannot stand and it must be set aside. Terrel v. Ferguson, 4 La.App. 339; Commercial Credit Co., Inc., v. Melba Candy Co., 3 La.App. 267.

The only remaining question for this court to decide is whether or not to dismiss the plaintiff's claim as in case of nonsuit, or to remand the case in order to permit plaintiff to amend his pleadings and supply the necessary evidence to support the writ. Plaintiff has filed a motion in this court asking that the case be remanded for this purpose.

From the motion to remand, which is verified by an affidavit of one of the attorneys for the plaintiff, it appears that the failure to annex the note and copy of the mortgage to the petition was through an oversight of counsel's stenographer. It further appears from the motion that plaintiff's attorneys have in their possession the note and copy of the mortgage and are therefore in position to supply the necessary authentic evidence to support the writ. It also appears that the judge failed to notice the absence of this authentic proof when he signed the order.

Under the facts in the case as shown by the record, and exercising the discretion vested in appellate courts by article 906 of the Code of Practice, we think that justice requires that the case be remanded to afford plaintiff an opportunity to supplement his pleadings and supply the available evidence. Citizens' Bank et al. v. Crooks & Maristany et al., 21 La.Ann. 324.

For the reasons assigned, it is ordered that the writ of executory process signed herein on December 10, 1935, be and the same is hereby avoided and set aside; it is further ordered that the case be remanded to the district court to enable plaintiff to file supplemental pleadings and supply additional evidence for such action as the lower court may take thereon, and in accordance with the views herein expressed. Plaintiff-appellee to pay the cost of the appeal; the cost of the lower court to await the final determination of the case.