## Succession of GUILLORY.
### No. 1596.

Court of Appeal of Louisiana.   First Circuit.

May 8, 1936.

Dubuisson & Dubuisson, of Opelousas, for appellant.

Guillory & Guillory, of Ville Platte, for appellee.

OTT, Judge.

Lionel J. Guillory was appointed administrator of the succession of Joseph A. Guillory on December 18, 1935. On the following day the administrator secured an order to sell all the property belonging to the succession in order to pay the debts. The property was advertised to be sold on January 25, 1936.

On January 13, 1936, Armand Coreil filed a petition in the succession proceedings alleging that he is the holder of a note signed by the deceased, Joseph A. Guillory, for $1,521.63, subject to certain credits, which note is secured by a special mortgage on certain property in the town of Ville Platte, which mortgage was passed before a notary public on December 6, 1927; that said mortgage creditor, Coreil, had filed executory proceedings and had obtained an order of executory process to sell said mortgaged property; that a suspensive appeal had been taken from said order of executory process by the widow in community of said deceased, Joseph A. Guillory. The mortgage creditor prayed that a rule issue to the administrator to show cause why the order for the sale of the mortgaged property issued in the succession proceeding should not be set aside and the advertisement of the property for sale on January 25, 1936, should not be discontinued, and he be permitted to proceed with the foreclosure of the mortgage in his suit outside the succession proceedings.

The administrator filed a combined exception of nonjoinder of proper parties and an exception of no cause or right of action. No action was taken on the exception of nonjoinder, but the exception of no cause or right of action was sustained and the rule dismissed. From that judgment of dismissal, the mortgage creditor has perfected a suspensive appeal.

The administrator has filed a motion in this court to dismiss the appeal on two grounds: (1) As plaintiff in rule was seeking to have the sale of the succession property on January 25, 1936, discontinued, and as that date has now passed, the question has become moot; and, (2) as plaintiff in rule is seeking to be allowed to proceed with the foreclosure of his mortgage outside the succession proceedings, and as the petition shows that proceeding has been arrested by a suspensive appeal from the order of executory process, this appeal is, in effect, an appeal from a suspensive appeal, which is unauthorized.

On the Motion to Dismiss.

■■ The creditor is not only seeking to have the sale of the mortgaged property advertised for January 25, 1936, discontinued, but he is also asking that the order be set aside and annulled in its entirety in so far as the sale of the mortgaged property in the succession proceedings is concerned. Not only did the suspensive appeal taken by the mortgage creditor from the judgment dismissing his rule have the effect of suspending the sale of January 25, 1936, but it also had the effect of suspending the sale of this mortgaged property under the order rendered in the succession until the creditor's right to sell the property in the foreclosure proceeding outside the succession is finally determined on his appeal. The creditor is proceeding by rule to have his right to foreclose the mortgage outside the succession determined, which is the proper method to determine that matter. Succession of Thompson, 42 La.Ann. 118, 7 So. 477; Freedman v. Succession of Carmouche, 174 La. 808, 141 So. 843.

■ Nor would the suspensive appeal taken by the widow in community from the order of executory process have the effect of depriving the mortgage creditor of having his right to proceed in the foreclosure of his mortgage determined on the rule which he has taken against the administrator. The appeal from the order of executory process on the ground of insufficiency of authentic evidence to support the order, which is the only ground on which such an appeal can be based, and the appeal from a dismissal of the rule wherein the mortgage creditor seeks to foreclose outside succession, are two distinct and separate matters on which the creditor is entitled to have his rights adjudicated. The one cannot affect the other where suspensive appeals are pending on both. The motion to dismiss the appeal is therefore denied.

On the Merits.

The only question presented on the merits is whether or not the petition for the rule presents sufficient facts to justify the granting of the relief prayed for. As has already been stated, the proper way to have the order for the sale of the mortgaged property in succession proceeding set aside is by rule taken on the administrator.

■ Where the mortgage creditor holds a mortgage importing a confession of judgment and which contains the pact de non alienando, and where such creditor is not guilty of laches, he has the right to foreclose his mortgage after the death of his mortgage debtor outside of the succession proceedings. Freedman v. Succession of Carmouche, and Succession of Thompson, supra.

■■ As a corollary of this rule of law, it follows that the mortgage creditor, in order to avail himself of this right, must allege and prove that he is the holder of such a mortgage. The petition for the rule in this case alleges that the creditor is the holder of a note secured by an act of special mortgage executed before a notary public on property described in the petition. Neither the note nor a copy of the mortgage is annexed to the petition for the rule. Nowhere in the petition is it alleged that the mortgage imports a confession of judgment, nor is it alleged that the mortgage contains the nonalienation clause. In the absence of a copy of the mortgage and for lack of sufficient allegations in the petition on this point, the court cannot determine whether or not the plaintiff in rule is in possession of such a mortgage as would justify him in proceeding via executiva outside the succession proceedings to enforce his mortgage.

■ The mere allegation that the creditor is in possession of a special mortgage passed before a notary public does not imply that such a mortgage contains a confession of judgment and the pact de non alienando. A special mortgage is one that binds only certain specified property. C.C. art. 3288. Such a mortgage may or may not contain a confession of judgment and the nonalienation clause. In order to justify the issuance of executory process the act of mortgage must not only be authentic in form, but it must also contain a confession of judgment by the debtor. Code Practice, arts. 732 and 733. Courtney v. Andrews et al., 10 Rob. 180.

■ We are not informed by the record as to the reasons assigned by the trial court in sustaining the exception of no cause of action and dismissing the rule. The dismissal of a suit on an exception of no cause of action for lack of necessary allegations in the petition is, in effect, a dismissal as in case of nonsuit, and does not preclude the plaintiff from renewing his demand on proper allegations of fact, even though the cause of action is the same. Succession of Herber, 119 La. 1064, 44 So. 888; Laenger v. Laenger, 138 La. 532, 70 So. 501; Smardon v. Broussard, 6 La.App. 579.

In order that there may be no uncertainty as to the right of plaintiff in rule to renew his demand under proper allegations, we will amend the judgment of dismissal so as to make it one of nonsuit.

For the reasons assigned, the judgment appealed from is amended, and it is now ordered, adjudged, and decreed that the exception of no cause of action filed by the administrator be, and the same is hereby, sustained, and plaintiff's rule dismissed as in case of nonsuit. Appellant to pay cost in both courts.