COREIL v. VIDRINE.

No. 1656.

Court of Appeal of Louisiana. First Circuit.

Dec. 10, 1936.

200

Dubuisson & Dubuisson, of Opelousas, for appellant.

Guillory & Guillory, of Ville Platte, for appellee.

OTT, Judge.

On December 6, 1927, Joseph A. Guillory executed a note for $1,521.63 secured by a special mortgage on certain property located in the town of Ville Platte. The mortgagor died soon thereafter and in November, 1935, his son, Lionel J. Guillory, applied to be appointed administrator of the estate. He was appointed and qualified on December 18, 1935. Before the administrator was appointed, the plaintiff, as the holder of the above note, filed executory proceedings against the widow on December 10, 1935, and obtained an order of executory process therein. An appeal was taken from this order by the widow, and this court set aside the order of executory process, and remanded the case to enable the plaintiff to file supplemental pleadings and supply additional evidence to support the writ of executory process. 167 So. 841.

The administrator secured an order to sell all of the succession property, including the mortgaged property securing the above note, on December 19, 1935. Thereafter the plaintiff took a rule on the administrator to have the order set aside in so far as it provided for the sale of the mortgaged property in the succession proceedings, and to show cause why plaintiff should not be permitted to proceed with the foreclosure outside the succession proceedings. To this rule the administrator filed an exception of no cause of action which was sustained by the trial judge, and amended by this court on appeal so as to dismiss the rule as in case of nonsuit. Succession of Guillory, 167 So. 901.

Plaintiff then filed a supplemental petition in his foreclosure suit to which he annexed the note and copy of the mortgage and secured another order of executory process dated June 12, 1936. Notice of demand of payment was served on the widow of the deceased mortgagor, whereupon she appeared by petition and rule, alleged that she had renounced the community and that the administrator, Lionel J. Guillory, was in possession of the property of the estate, and, accordingly, the service of the demand of payment on her was illegal. She asked that plaintiff show cause why the notice and demand of pay-

ment served on her should not be recalled and set aside. To this rule plaintiff filed an exception of no cause or right of action and res adjudicata. The exception was referred to the merits, and later overruled. The rule was made absolute and the notice of demand was recalled and set aside. From this judgment plaintiff has appealed, which makes the third time this matter has been before us in some form or another.

### Motion to Dismiss the Appeal.

The widow in community has filed a motion in this court to dismiss the appeal on two grounds: (1) That the administrator is a necessary party to the appeal; and (2) because the judgment appealed from is only interlocutory and it does not appear that plaintiff will suffer irreparable injury on account thereof.

■ Want of proper parties is not ordinarily ground for dismissing an appeal. In any event, the very question brought up for review is whether or not the surviving widow is the proper person on whom to serve the notice to pay and against whom to carry on the executory proceedings. The administrator is not a party to the proceeding and has no interest in opposing or espousing the cause of the widow on this appeal.

On the second ground urged, it is true that the judgment appealed from is interlocutory in character and no allegation is made in the petition for appeal that plaintiff will suffer irreparable injury. An interlocutory judgment is appealable if it may cause the party against whom it is rendered an irreparable injury. Code of Practice, art. 566. The nature and extent of the injury which such a party may suffer by reason of the judgment may be determined from the proceedings in which it is rendered. In this case it is clear that, if the notice of demand served on the surviving widow in community is invalid as it has been decreed to be by the judgment, plaintiff will be unable to go forward with his executory process. His proceeding will be permanently halted in so far as his right to direct the proceedings against the widow is concerned, as the service of a legal notice to pay is a prerequisite to a seizure and sale of the mortgaged property. Under these circumstances he stands to suffer irreparable injury. Miller et al. v. Dupuy et al., 19 La.Ann. 166. The motion to dismiss is overruled.

### Merits.

■ Plaintiff filed no answer to the rule taken against him to set aside the notice of demand served on the surviving widow, but his defense to the rule is embraced in the exception of no cause or right of action which he filed to the rule, and covers three legal propositions which will be considered in their order as presented here:

(1) It is contended that, if the position of the widow is correct to the effect that she is not the proper person on whom to serve the notice to pay, then the service on her is void and of no effect and without injury to her, and therefore she has no interest in setting aside a void and ineffectual notice. In a sense this contention is correct; however, it must be remembered that the notice to pay calls on her as the surviving widow in community to pay what appears to be a community debt, and she alleges that she has renounced the community. She has an interest in making this renunciation effective, and therefore has a right to contest a notice served on her in which she is called on to come forward and pay a community debt.

(2) The further contention is made that the procedure by rule to set aside the notice to pay is unauthorized, as there are only two ways to interrupt proceedings by executory process—by appeal and by injunction, citing Minot v. Bank, 4 Rob. 490; Dowling v. Gally, 30 La.Ann. 328, and other cases. These cases and others of a similar nature hold that there are only two ways to "arrest" an order of seizure and sale, namely, where there is not sufficient evidence to justify the issuance of the writ, the remedy is by appeal; where the debtor desires to stay the sale of the property for the causes set out in articles 738 and 739 of the Code of Practice, or for other causes allowed by law, injunction is the proper remedy. But here the defendant is not attempting to arrest the order of seizure and sale, nor is she seeking to stay the sale of the property. Until the notice to pay is served, the writ of executory process is not a final judgment nor can a writ of seizure and sale issue on the order until the three days have elapsed in which the debtor may come forward and pay the debt.

In this case there is no attempt made to arrest a seizure of the property or stop the sale, but the purpose of the rule is merely to set aside the service of notice

of demand which is merely a preliminary, though requisite, step to be taken before the writ of seizure and sale will issue and the sale of the property can be effected. The question here presented is one that is merely incidental in the course of the proceeding and may be determined by summary process under article 755 of the Code of Practice.

(3) As the petition for the rule shows that the notice to pay was served on the surviving widow in community, that the mortgage debtor is dead, and an administrator for his estate was then qualified, it follows that, if the service of such notice on the widow, and not on the administrator, was proper under Act No. 57 of 1926, then clearly the petition for the rule would show no cause or right of action. If the administrator was the proper and only person on whom this service should have been made, it follows from the same reasoning that the notice served on the widow was ineffective and was properly set aside.

Before the amendment of article 734 of the Code of Practice by Act No. 148 of 1920, it was provided that a mortgage creditor holding an act importing a confession of judgment might proceed against the debtor or his heirs by having the mortgaged property seized and sold without the citation of the debtor, and by pursuing the method set out in the third paragraph, second section, third chapter of the Code. Referring back to that part of the Code, we find in articles 65 and 66 that, where the mortgage creditor holds an act importing a confession of judgment and the mortgage debtor dies leaving one or more heirs who accept the succession, the creditor may proceed against such heir or heirs in the foreclosure of his mortgage the same as he could have done against the original debtor. In that situation it was proper to serve the notice to pay on such heir or heirs who had accepted the succession. If the heirs had not accepted the succession and an administrator was appointed, the administrator was the proper person on whom to serve the notice, unless the presumptive heir was also made a party. McCalop v. Fluker's Heirs, 12 La.Ann. 551. This situation rendered it necessary for the mortgage creditor, on the death of the debtor, to have an administration of the estate initiated where the heirs had not accepted, or to have a tutor appointed where there were minor heirs. Article 734 of the Code of Prac-

tice was amended by Act No. 148 of 1920 so as to permit the mortgage creditor to proceed against the person appointed to represent the estate of the debtor, the administrator, executor, syndic, or other fiduciary officer.

By Act No. 57 of 1926, the mortgage creditor is authorized to proceed against either surviving spouse in the foreclosure of his mortgage "via executiva" where the note represents a community debt, without making the heirs parties. In the case of the death of the husband, as in this case, it was clearly the intention of this act to make the surviving widow in community the representative of the heirs of the husband in the proceeding in rem in the same way as an administrator would represent them if one was appointed. In other words, the creditor was relieved of the delay and expense occasioned in precipitating the appointment of an administrator to represent the heirs of the husband where none had been appointed against whom the foreclosure might be directed.

However, the very reason and purpose of the act would seem to indicate that, where an administrator is appointed and qualified, he is the proper person on whom to serve the notice to pay, as he is the one in possession of the assets of the estate and the only one who could comply with the demand. This in no way affects the right of the mortgage creditor to foreclose his mortgage outside the succession, but only determines the one on whom process should be served.

Our interpretation of the act of 1926 is rather strengthened by Act No. 44 of 1932, § 1, as amended by Act No. 273 of 1936, where a mortgage creditor or any person having a right in rem is not required to provoke an administration of his debtor's estate in order to enforce his claim, but, when the estate of the debtor is not under administration, or in case the administrator is dead or absent, and when the succession has not been accepted by any of the heirs, such creditor may proceed contradictorily against the heirs or against an attorney appointed by the court to represent the succession. The reasonable inference to be drawn from these acts is that, where the succession is under administration, the creditor should proceed contradictorily against the administrator or executor.

For the reasons assigned, the judgment is affirmed at the cost of appellant.