## COREIL v. VIDRINE.*

### No. 1705.

Court of Appeal of Louisiana. First Circuit.

May 6, 1937.

Dubuisson & Dubuisson, of Opelousas, for appellant.

Guillory & Guillory, of Ville Platte, for appellee..

OTT, Judge.

This case has been before us in one form or another on three different occasions. The suit is to foreclose a mortgage executed by the deceased, Joseph A. Guillory, on December 6, 1927, for the sum of $1,521.63, subject to certain credits, plus interest, cost, and attorney's fees. See Coreil v. Vidrine, 167 So. 841, Succession of Guillory, 167 So. 901, and Coreil v. Vidrine, 171 So. 199.

On the last appeal, the judgment of the district court setting aside the service of notice of demand of payment served on the surviving widow in community was affirmed on the ground that the adminis-

trator was the proper person on whom to serve process in the foreclosure proceedings. The administrator has been served, a writ of seizure and sale issued, and the mortgaged property was advertised for sale by the sheriff.

The administrator filed an opposition to the proceedings on the ground that the note on which the foreclosure is based was prescribed on its face when the proceedings were instituted. He asked for an injunction to issue without bond against the sheriff and the plaintiff and asked that the order of executory process issued in the case and the writ of seizure and sale issued thereunder be recalled and annulled and the plea of prescription sustained. The trial judge sustained the plea of prescription filed by the administrator and enjoined the sheriff from proceeding further under the writ. Plaintiff has appealed.

The maker of the note, Guillory, died on January 8, 1928. The note was due December 6, 1928. The surviving widow continued to reside on the mortgaged property after the death of her husband until a recent date. On the back of the note appears the following indorsement of payments: "12/14/28, int. paid for 1 year to 12/6/28 & $128.63 paid on principal leaving balance due $1,393.00. 12/24/30, Interest paid for 2 years to 12/6/30 leaving balance due said date $1,-393.00. 12/14/31 Paid on within note $36.00. 1/4/33 paid on within note $36.00. 12/13/33 Paid on within note $72.00."

Three principal questions are raised in the case. First, Was parole testimony admissible to show who made the above payments on the note so as to show an interruption of prescription? second, If the payments were made by the surviving widow, did she have authority to bind the succession of her husband by interruption of prescription in making the payments? and, third, Were the payments made by the surviving widow and on account of the mortgage note?

It is contended by the administrator that parole testimony is inadmissible to prove these payments in order to interrupt prescription on the ground that such testimony is prohibited by paragraph 2 of article 2278 of the Civil Code which provides that parole testimony shall not be used to prove acknowledgment or promise of a party deceased to pay any debt or liability, in order to take such debt or liability out of prescription, or to revive the same after prescription has run or been completed; and, further, that such parole testimony is prohibited by section 1 of Act No. 11 of 1926 which forbids the use of parole to prove any debt or liability of a party deceased, if a suit upon the asserted indebtedness is brought more than a year after the death of the deceased.

As more than five years had elapsed from the date when said note was due and the date when suit was filed, it is obvious that the note had prescribed unless these payments interrupted prescription. If the deceased had lived and had himself made the payments but had died more than a year before the suit was brought on the note, it is clear that plaintiff could not have shown by these payments or by any promise of the deceased that prescription had been interrupted as such proof, by parole, to show an acknowledgment by the deceased himself would have come directly under the prohibitions of the article of the Civil Code referred to above. Pavy v. Escoubas, 23 La.Ann. 531.

The plain purpose of this provision of the Code is to prohibit the use of parole testimony to prove a promise or acknowledgment of a deceased person when that person can no longer speak for himself. Neither the rule nor the reason for the rule has any application where the object of the parole testimony is to show an acknowledgment or promise by the words or acts of a living person. So it is that when the interruption of prescription is sought to be proved by the words or acts of a living person there is no objection to showing such words or acts by parole. There is a vast difference in proving an interruption of prescription by parole and in proving the renunciation of prescription by parole where prescription has already run or been completed. In the former case, parole is admissible to show acts or promises of the person liable any time before the full prescriptive period has run by which the debtor acknowledged the debt from which a new prescriptive period begins to run. This promise of the debtor may be made to the creditor or it may be made to a third person. Utz v. Utz, 34 La.Ann. 752; Sentell v. Woods, 2 La.App. 343.

In this case the original debt was that of the deceased, but no effort is made here to prove an interruption of prescrip-

tion of that debt by anything that the deceased said or did, but it is sought to show an interruption of prescription on a debt of the deceased by the acts and words of a living person having authority to make payments on the debt and interrupt the course of prescription thereon. Therefore, the Codal article does not apply.

█ Section 1 of Act No. 11 of 1926 prohibits proof by parole of a debt or liability of a deceased person where a suit has been brought more than a year after his death. This act has no application here as the purpose of the parole evidence is not to prove a debt of the deceased. That debt is proved by the note and authentic act which he signed and which forms the basis of the obligation of the deceased debtor. If plaintiff were seeking to prove by parole that the deceased had acknowledged that he owed the amount, the act would have application and the testimony would not be admissible. But such is not the case.

The trial judge was in error in holding that parole evidence was not admissible. He admitted the evidence subject to the objection.

█ The surviving widow, as co-owner of the mortgaged property and as usufructuary of the interest of the heirs of the deceased, had full authority to make payments on the mortgage note, and to secure extensions thereof, and her acts in that respect would operate an interruption of prescription on the note. Haight v. Johnson, 131 La. 781, 60 So. 248. If the widow made the payments on the note as shown by the indorsements on the back, she thereby interrupted the running of prescription from the date of these respective payments. The fact that she subsequently renounced the community, whether that renunciation is valid or not, could not affect the result of her acts in making payments on the note before the renunciation and at the time when she had authority to make these payments.

The testimony shows that these payments were made on the note by the widow in community, or by others on her behalf. The cashier of a bank that held the note as collateral security on a loan of plaintiff testified that he made the indorsements on the back of the note showing the payments as they were made; that the payments were made on behalf of the widow to whom notices had been sent; that these payments were deposited to the credit of the plaintiff in the bank as they were made; and that the bank held no other note of the deceased on which these payments could have been made.

Two other witnesses testified that they had gone to see Mrs. Guillory on several occasions at the request of plaintiff to have her make a payment on the note and she would promise to pay the cashier of the bank which held the note; that they followed up their demands on her by ascertaining from the cashier if Mrs. Guillory had made the payments as promised and had found that she had done so, and at about the dates shown on the note. Plaintiff testified that he had refrained from foreclosing on the note because of a promise he had made the deceased just prior to his death that he (plaintiff) would not put the family of deceased out of the home as long as he could do otherwise, and because of the fact that these payments were made on the note from time to time.

The widow, although available as a witness, was not called to deny that she had made these payments on the note through her son, and we assume that she would not have done so, had she taken the witness stand.

It will be thus seen that prescription was interrupted on note five different times after its maturity, viz.: December, 1928, 1930, and 1931; January, 1933, and December, 1933. This being true, prescription did not accrue at any time by the lapse of five years from maturity or between the payments from which new prescriptive periods began.

For the reasons assigned, it is ordered that the judgment appealed from be and the same is hereby avoided, annulled, and set aside; that the writ of injunction herein issued be dissolved and the opposition of the administrator dismissed at his cost.