LOTTINGER, Judge.
Plaintiff-appellant, Community Acceptance Corporation of Baton Rouge, Inc. *828 filed a suit-styled, “Petition on Agreement” alleging that the defendant-appellee, Baton Rouge Health Club Management No. 2, Inc., was indebted to plaintiff for $1,140.00 arising out of the assignment, by endorsement with recourse, to plaintiff of four separate instruments signed by third parties in favor of defendant. Defendant filed a peremptory exception alleging no cause of action for failure of plaintiff’s petition to allege presentment, demand and notice of dishonor. The instruments did not contain a clause waiving notice of dishonor or presentment. After a hearing on the exception, the Lower Court ordered plaintiff to amend its petition to properly state a cause of action, and some eight months thereafter, plaintiff having failed to do so, the Lower Court dismissed plaintiff’s petition at its cost. From this order of dismissal, Community Acceptance Corporation of Baton Rouge, Inc. has taken this appeal.
Plaintiff-appellant argues that the trial court erred in two respects, namely:
1. In ruling that no cause of action is stated in the suit on a contract or agreement in which no allegations are made as to notice of dishonor or presentment.
2. In dismissing plaintiff’s suit with prejudice for failing to state a cause of action.
The issue presented concerning plaintiff’s first specification of error is whether an agreement for sales and services, reduced to writing and requiring installment payments, is governed by the same rules as negotiable instruments under Louisiana Revised Statutes, Title 7. The pertinent wording of the agreements in question follows :
“Seller sells and Buyer(s) purchase(s) the above described services and property and Buyer(s) agree(s) to pay to the order or Seller the Total of Payments in consecutive monthly payments commencing on the First Payment Due Date.”
The identity of the Seller and Buyer, the payment due, and the date due are contained elsewhere in the instrument in question.
The law in point is found in R.S. 7:1, R.S. 7:70, and R.S. 7:89, which we quote.
7:1 Form of negotiable instrument
An instrument to be negotiable must conform to the following requirements :
(1) It must be in writing and signed by the maker or drawer;
(2) Must contain an unconditional promise or order to pay a sum certain in money;
(3) Must be payable on demand, or at a fixed or determinable future time;
(4) Must be payable to order or bearer; and,
(5) Where the instrument is addressed to a drawee, he must be named or otherwise indicated therein with reasonable certainty.
7:70 Necessity of presentment; ability and willingness equivalent to tender
Presentment for payment is not necessary in order to charge the person primarily liable on the instrument; but if the instrument is, by its terms, payable at a special place, and he is able and willing to pay it there at maturity, such ability and willingness are equivalent to a tender of payment upon his part. But except as in this Chapter otherwise provided, presentment for payment is necessary in order to charge the drawer and indors-ers.
7:89 Necessity of notice of dishonor
Except as in this Chapter otherwise provided, when a negotiable instrument has been dishonored by non-ac *829 ceptance or non-payment, notice of dishonor must be given to the drawer and to each endorser, and any drawer or indorser to whom such notice is not given is discharged.
In light of the above, we find that the instruments in question were in the form of negotiable instruments, that defendant is an endorser on each instrument in question, that defendant, as an endorser, is entitled to presentment for payment and notice of dishonor, and that such allegations have not been made in plaintiff’s petition. Inasmuch as the wording contained in the agreement in question meets the requirements of a negotiable instrument as set out in R.S. 7:1, plaintiff must comply with our negotiable instrument law in enforcing collection against defendant. We find the Lower Court correct in ordering the plaintiff to amend its petition and in dismissing plaintiff’s suit for failure to do so.
The issue before us with regard to plaintiff’s second specification of error is whether this suit should have been dismissed with or without prejudice. In light of our jurisprudence, the plaintiff is correct in maintaining that the dismissal of this suit on the exception of no cause of action for lack of necessary allegations in its petition is a dismissal as of non-suit or without prejudice. See Kilchrist v. Cagle Chevrolet, Inc., La.App. 1972, 262 So.2nd 802; Succession of Guillory, La.App.1936, 167 So. 901; and Callender v. Marks, 1936, 185 La. 948, 171 So. 86 and App.1937, 173 So. 785.
In summary, we find the dismissal of plaintiff’s suit by the Lower Court proper; however, said dismissal is of non-suit or without prejudice. The judgment in favor of defendant dismissing plaintiff’s suit, is amended to be a dismissal without prejudice, and as affirmed. All costs of this appeal are assessed against plaintiff-appellant.
Amended, and as amended, affirmed.